UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY A. GROOMS,

    Plaintiff,

v.

                                          Case number 08-14189

COMMISSIONER OF SOCIAL SECURITY,

                                          Honorable Julian Abele Cook, Jr.
    Defendant.                             Magistrate Michael Hluchaniuk

ORDER

The Plaintiff, Sherry Grooms, challenges a final decision by the Defendant, Commissioner of Social Security (Commissioner) who had concluded that she is neither disabled nor entitled to receive disability insurance benefits (DIB) from the Social Security Administration. Relying upon the provisions of Rule 56 within the Federal Rules of Civil Procedure, the parties have filed cross-motions for summary judgment.

On February 28, 2010, Magistrate Judge Michael Hluchaniuk issued a written report in which he recommended that the Court deny the parties' respective cross motions for summary judgment, and, thereafter, remand this case to the Social Security Administration for further proceedings. The Defendant filed a timely objection to the report of the Magistrate Judge on March 15, 2010.

I.

Grooms, who is in her mid-forties, has a high school education which has been supplemented by the completion of a degree in cosmetology. Her past work experience includes

1

nearly eighteen years as a hairdresser, as well as approximately six years as a school hall and lunch monitor. Following a car accident in June of 2003, Grooms filed an application for DBI on March 3, 2004. In her application, she claims to have become disabled and unable to work as of June 10, 2003 because of a closed head injury, episodes of depression, back and neck impairments, and headaches, all of which allegedly arose from the car accident.

Although the Social Security Administration (SSA) initially denied Grooms' application for benefits, an administrative law judge (ALJ) found her to be disabled for the period between June of 2003 and October of 2005. Displeased with this decision, Grooms appealed this matter to the Appeals Council of the SSA which, in turn, remanded the case on June 18, 2007 for a reassessment of her claims by another ALJ.

Following the completion of a second round of administrative hearings in December of 2007, the second ALJ determined that Grooms had several severe impairments which had significantly limited her ability to work, including a degenerative disc disease, depression, a head injury, headaches and obesity. The ALJ also declared that she had not engaged in any substantial gainful activity since June 10, 2003. Notwithstanding this declaration, the ALJ concluded that none of her impairments satisfied any of the listed conditions in the implementing regulations to the Social Security Act.

After concluding that Grooms did possess the residual functional capacity to perform simple and/or unskilled work (but not any past relevant work), the ALJ ultimately determined that she had not satisfied the definition of being a "disabled person" - as defined by the Social Security Act - after June 10, 2003 because she, despite her severe impairments, could still perform a variety of jobs within the national economy. In fact, the only limitations cited by the ALJ were that Grooms

engage in unskilled work which, among other things, does not require her to (1) lift or carry more than twenty pounds; (2) stand or walk more than four hours per day (but allows the use of a cane); (3) sit for more than six hours within a single work day; (4) perform work at unprotected heights; (5) climb ramps or stairs; (6) balance, stoop, crouch, kneel, or crawl more than occasionally; or (7) ever climb ladders, ropes or scaffolds. Grooms' request for an appellate review by the Appeals Council was rejected on July 25, 2008, which turned the ALJ's determination into a final decision of the Social Security Administration.

II.

The Defendant's final decision, in his capacity as the Commissioner, is subject to a review by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In *Richardson*, the Supreme Court interpreted this phrase to mean "such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." 402 U.S. at 401; *See also, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir. 1981). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III.

In this case, the Defendant argues that the magistrate judge erred when he concluded that this case should be remanded because the ALJ did not have a sufficient basis upon which to render his decision. Here, the Defendant asserts that, contrary to the findings by the magistrate judge, the ALJ deemed it to be significant that the treating physician, Dr. Jay Inwald, gave differing accounts of Grooms' limitations and capacities on various occasions which, in turn, undermined his

3

credibility as a witness.

Magistrate Judge Hluchaniuk noted that "Dr. Inwald has been [Grooms'] treating physician since November 24, 2003," and "[t]he opinion of a treating physician should be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is consistent with other substantial evidence in the record. (Report and Recommendation at 23) (citing *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)). Furthermore, as the Magistrate Judge opined, although the ALJ is not bound by a treating physician's opinion, there must be good reasons for rejecting the proffered medical opinion. (Report and Recommendation at 23).

Notwithstanding arguments to the contrary, Magistrate Judge Hluchaniuk correctly concluded that the ALJ had failed to give a sufficient explanation for her conclusory observation; namely, that "Dr. Inwald's opinion of 'marked' limitations is not supported by any of the objective clinical evidence". (Transcript at 25). Although the ALJ assigned a greater weight to the medical opinion of the consultive physician, Dr. Cynthia Shelby-Lane, it is significant for the purpose of this order that this physician's written evaluation did not identify a single medical or clinical finding to support her assessments of Grooms' limitations. (Transcript at 520-526). By contrast, Dr. Inwald's "*Mental Residual Functional Capacity Assessment*" contained his views about Grooms' marked limitations, noting that she (1) had suffered from neuroemotional problems, affective disturbance, second degree chronic pain, and a high fear response, and (2) would benefit from "a highly structured work environment" with minimal distraction and stressors. (Transcript at 386-388). In the judgment of this Court, the views of the Magistrate Judge who opined that (1) the ALJ "did not give sufficiently good reasons for rejecting Dr. Inwald's opinions" and (2) this

4

case should be remanded for further consideration are legally sound. (Report and Recommendation at 26).

IV.

For the reasons outlined above, the Court is satisfied that the administrative law judge's decision was not supported by substantial evidence. Accordingly, the Court (1) adopts the recommendation of Magistrate Judge Hluchaniuk, (2) denies the Defendant's motion for summary judgment, (3) denies Grooms' motion for summary judgment, and (4) remands this case for further review that is consistent with the report and recommendation, to which reference has been made above.

IT IS SO ORDERED.

Dated: March 31, 2010  S/Julian Abele Cook, Jr.
Detroit, Michigan  JULIAN ABELE COOK, JR.
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2010.

s/ Kay Doaks
Case Manager