UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY A. GROOMS,                          Case  No. 08-14189

        Plaintiff,                          Julian Abele Cook
vs.                                         United States District Judge

COMMISSIONER OF                            Michael Hluchaniuk
SOCIAL SECURITY,                           United States Magistrate Judge

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 26)

## I.    PROCEDURAL HISTORY

Plaintiff filed the instant claims on March 3, 2004, alleging that she became

unable to work on June 10, 2003.  (Dkt. 9, Tr. at 87-90).  The claim was initially

disapproved by the Commissioner on July 29, 2004.  (Dkt. 9, Tr. at 70-74).

Plaintiff requested a hearing and on February 13, 2006, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) David E. Flierl, who considered

the case *de novo*.  In a decision by the Appeals Council dated April 24, 2006, the

ALJ found that plaintiff was partially disabled.  (Dkt. 9, Tr. at 485-499).  Plaintiff

requested a review of this decision on May 9, 2006.  (Dkt. 9, Tr. at 49-52).  On

December 3, 2007, a second administrative hearing before Administrative Law

Judge (ALJ) K. Burgchardt was held, at which plaintiff appeared with a non-

attorney representative. (Dkt. 9, Tr. at 17, 600). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 25, 2008, denied plaintiff's request for review. (Dkt. 9, Tr. at 7-9); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

On September 29, 2008, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Julian Abele Cook, Jr. referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits. (Dkt. 3). Both parties have filed motions for summary judgment, on which the undersigned issued a report and recommendation. (Dkt. 19). The undersigned recommended that plaintiff's motion for summary judgment be granted and that defendant's motion be denied. On March 31, 2010, Judge Cook adopted this recommendation, over defendant's objection, and remanded for further proceedings. (Dkt. 22, 23).

On June 29, 2009, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act. (Dkt. 26). Defendant filed a response on July 13, 2010. Plaintiff filed a reply on July, 2010. (Dkt. 29). On July 15, 2010, Judge Cook referred this motion to the undersigned for report and recommendation. (Dkt. 28).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1)

plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of

$7,707.25 be awarded to plaintiff; (3) that the Commissioner must determine

whether the assignment to plaintiff's counsel is valid and whether plaintiff is

indebted to the government; and (4) if the assignment is valid and plaintiff is not

indebted to the government, the attorney fee award may be payable directly to

plaintiff's counsel.

## II.    ANALYSIS AND CONCLUSION

### A.    Was Commissioner's Decision Substantially Justified?

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in

an action seeking judicial review of a decision of the Commissioner of Social

Security may apply for an award of fees and costs incurred in bringing the action.

28 U.S.C. § 2412(d)(1)(A).  While a prevailing party is not simply entitled, as a

matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres*

*of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless

the Court finds that the Commissioner's position was "substantially justified" or

that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A);

*Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was

substantially justified, *see Department of Labor Sec'y v. Jackson Co. Hosp.*, 2000

WL 658843, *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a

degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831, at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health and Hum. Serv.*, 749 F.2d 359, 359 (6th Cir. 1984).

According to plaintiff, the Commissioner's lack of substantial justification in the pre-litigation stage is shown by the ALJ's failure to give proper weight to the treating physician's opinions. According to plaintiff, where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the ALJ's decision and the Commissioner's position before the Court is not substantially justified.

Defendant argues that, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position and within the meaning of the EAJA, this is basically a question of reasonableness. (Dkt. 27, citing, *Pierce v. Underwood*, 108 S.Ct. 2541, 2550 (1998)). By definition, according to the Commissioner, the substantial justification standard is such that reasonable minds might review a body of evidence and reach widely divergent, even contradictory, conclusions. *Id*. Thus, the government argues, its position in the case as a whole was substantially justified. The

government points to the statement in the report and recommendation that "the

ALJ's decision contains an extensive recitation of the medical evidence..." In this

"extensive discussion," the ALJ noted that Dr.

Inwald described Plaintiff's condition differently at various points in the relevant

period. Thus, the government argues that, within the context of plaintiff's EAJA

application, the ALJ was substantially justified with respect to the reasons she

identified for the weight she afforded Dr. Inwald's opinion. The ALJ did not

simply reject Dr. Inwald's opinion in its entirety; rather, according to the

government, she explained her reasons for affording different weight to various

aspects of the opinions Dr. Inwald expressed over time.

In this case, the undersigned finds that the Commissioner has not met its

burden of showing that its position was substantially justified. After review of the

record, the Court previously found that the decision of the ALJ did not give

appropriate weight to plaintiff's treating physician and/or did not adequately

explain why she departed from the extensively documented opinion of that

physician. While the ALJ included an extensive discussion of Dr. Inwald's

treating records, there was no effort to explain why Dr. Inwald's conclusions and

opinions were simply rejected by the ALJ. The undersigned concluded that the

ALJ "failed to give a sufficient explanation for her conclusory observation;

namely, that 'Dr. Inwald's opinion of 'marked' limitations is not supported by any

of the objective clinical evidence.'" The undersigned also concluded that the doctor relied on by the ALJ "did not identify a single medical or clinical finding to support her assessments of Grooms' limitations." *Id.* This is not, as the government posits, merely a situation where the ALJ weighted various well-supported opinions differently. Rather, the ALJ simply did not set forth any "good reasons" for wholly discounting the opinions of plaintiff's treating physician. Therefore, the Court found that a remand was required so that the ALJ could, among other things, explain more fully why she rejected the opinions of plaintiff's treating physician. The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See e.g.*, *Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir.1997); *see also Walker v. Astrue*, 2010 WL 596451, *2 (N.D. Ohio 2010). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006), quoting, 20 C.F.R. § 402.35(b)(1).

It is well-established that an ALJ cannot simply disregard the clear opinions of a claimant's treating physicians, without adequate explanation, which is what happened in this case. Viewing the government's litigation in its entirety, the

Commissioner was not substantially justified in defending a decision that failed to follow well-established procedures and precedent.  As such, the undersigned concludes that defendant's position was not "substantially justified" in this matter and fees should be awarded.

      B.    <u>Are the Fees Requested Reasonable</u>?

The EAJA permits an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of proving the reasonableness of the fees requested.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Courts regularly utilize the lodestar approach to calculating attorney's fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  *Henley*, 461 U.S. at 433-34.

Defendant argues that the fee request in this case is excessive for several reasons.  First, according to defendant, the amount of fees requested reflects

excessive numbers of hours spent in preparation of plaintiff's case. The

Commissioner seeks a reduction in plaintiff's request billing for total time spent by

two attorneys and a law clerk of 62.65 hours to prepare and file plaintiff's case.

Defendant contends that plaintiff seeks fees for excessive hours spent on a

relatively routine disability case. Defendant also points to Sixth Circuit authority

holding that, absent extraordinary circumstances, the average number of hours for

an attorney to work on a routine Social Security cases ranges from 30 to 40. *Hayes*

*v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir. 1990).

The undersigned finds that, taken as a whole, the hours expended by

plaintiff's attorney were reasonable. In a routine social security disability case, the

Sixth Circuit has concluded that a range of 30 to 40 hours is typical. *See Hayes v.*

*Sec'y of Health and Hum. Serv.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the

opinion of this Court that the average number of hours for an attorney to work on a

social security case ranges from 30 to 40 hours."). That does not mean, however,

in the view of the undersigned, that the hours reported by plaintiff's attorney

(62.65) are automatically unreasonable. The Court finds that the hours expended

by plaintiff's attorney and law clerk were generally reasonable. While none of the

issues raised were extraordinarily complex, there were a multitude of errors raised

by plaintiff, which were extensively briefed at both the initial briefing stage and

after objections were filed. The number of pages contained in the record is not

generally indicative of the time necessary for review and analysis, although this record was well over 600 pages. Sometimes a social security transcript may contain extraneous or duplicative material while on other occasions, each page must be carefully reviewed and analyzed in order to understand all the issues. Moreover, as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court. The 62.65 hours expended by plaintiff's attorney and his law clerk on this case are within the range of reasonable time expended in such a case.

C.     Should the Hourly Rate Exceed the Statutory Cap?

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $170-172.50 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002); *Martin v. Comm'r*, 82 Fed.Appx. 453, 456

(6th Cir. 2003) ("This Court [ ] finds that the rate of $125 per hour, as set by

statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that

he should be entitled to a higher rate.").  The Sixth Circuit has determined that

whether a cost of living adjustment above the statutory cap is warranted is a matter

committed to the district court's discretion, and that a district court generally acts

well within its discretion when it declines to make such an adjustment.  *See Begley*

*v. Sec. Health and Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992).

   The undersigned concludes that no adjustment above the statutory cap is

warranted here.  Plaintiff's counsel does not make any effort to establish a

prevailing market rate for Social Security appeals in the Eastern District of

Michigan, which is his burden.  *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343,

350 (6th Cir. 2004) ("[T]he 'prevailing market rate' is that rate which lawyers of

comparable skill and experience can reasonably expect to command within the

venue of the court of record ... .").  Rather, the data presented related to the

Northern District of Illinois, where the rates are presumably higher.  (Dkt. 26).

Moreover, the "mere citation of cost-of-living increases since the enactment of the

$125.00 statutory cap does not carry the plaintiff's burden of showing evidence

that a higher rate was actually *billed* and *paid* in similar lawsuits."  *Burkett v.*

*Astrue*, 2010 WL 881905 (E.D. Ky. 2010).  The maximum hourly rate provides

adequate and appropriate compensation for the work performed in this matter by plaintiff's attorney, and that no special factor warrants a rate in excess of $125 per hour.[1]  Multiplying the 56.45 hours reasonably expended by counsel and the $125 per hour rate results in a total of $7,056.25 for plaintiff's attorney's fees.

The parties also dispute the appropriate rate for the law clerk fees.  In *Allshouse v. Comm'r*, 2009 WL 4884968, *7 (E.D. Mich. 2009), the Court concluded that $105 per hour was reasonable for this same law clerk and in *Zanon*, the Court concluded that $125 per hour was appropriate, given "the passage of time."  In the view of the undersigned, $105 per hour for law clerk time is reasonable.  Multiplying the 6.2 hours reasonably expended by the law clerk and the $105 per hour rate results in a total of $651 in fees.

D.    Should Fees Be Paid Directly to Plaintiff's Attorney?

Judgments are entered by the Court for or against the parties to a lawsuit, not the attorneys representing the parties.  The EAJA provides in pertinent part that the court must award fees "to a prevailing party."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner argues that the Court should direct that any award of EAJA fees be payable to plaintiff, not plaintiff's attorney, citing the United States Supreme

---

[1]  The undersigned is aware that plaintiff's counsel has been awarded fees at the $170 rate in other cases in this District.  *See e.g.*, *Zanon v. Comm'r*, *supra*. However, in *Zanon*, the government did not object to the rate and thus, no analysis regarding the propriety of the upward adjustment was undertaken in that case.

Court's recent decision in *Astrue v. Ratliff*, — U.S. —, 130 S.Ct. 2521 (2010).

According to plaintiff, because of the assignment of the right to attorney fees to

plaintiff's counsel, *Ratliff* is not controlling.  In *Ratliff*, the social security claimant

prevailed in her appeal of the denial of benefits, and later sought attorney's fees as

the prevailing party under the EAJA, 28 U.S.C. § 2412(d).  Before paying the

award, the Commissioner discovered that the claimant owed a preexisting debt to

the government, and sought an administrative offset of that amount from the EAJA

award.  The claimant's attorney intervened to challenge the offset, arguing that the

EAJA award belonged to her as the claimant's attorney, and thus could not be used

to offset her client's debt.  The Supreme Court granted certiorari to determine

"whether an award of 'fees and other expenses' to a 'prevailing party' under

§ 2412(d) is payable to the litigant or to his attorney."  *Ratliff*, 130 S.Ct. at 2524.

The Court held that, pursuant to the plain language of the statute, such an award is

"payable to the litigant[.]"  *Id*.  The Court rejected the contention that the

Commissioner's historical practice of paying lawyers directly in cases where the

claimant had assigned her rights to the fee, and owed the government no debt,

mandated a different result.  *Id*. at 2528-29; *see also id.* at 2530 ("The EAJA does

not legally obligate the Government to pay a prevailing litigant's attorney, and the

litigant's obligation to pay her attorney is controlled not by the EAJA but by

contract and the law governing that contract.") (Sotomayor, J. concurring).

Because the EAJA award was 'payable to the litigant," it was subject to the government offset to satisfy the claimant's debt. *Id.*

As recently noted by a federal court from the Eastern District of Arkansas, following the *Ratliff* decision, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. *Johnson v. Astrue*, 2010 WL 3842371, *2 (E.D. Ark. 2010) (collecting cases). These courts have reached varying conclusions as to whether, in light of an assignment, the attorney fee can be paid directly to the plaintiff's lawyer or must still be made to the client. Based on a review of the post-*Ratliff* case law, the Arkansas District Court reached the following conclusions:

> While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is not in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court, that makes both of those determinations after the entry of this Order awarding attorney's fees.

*Johnson*, at *3. The same is true here: while plaintiff has presented the assignment, the Court does not know whether plaintiff has any valid debt owing to

the government.  Thus, the undersigned concludes that, despite the assignment, there is no basis to vary from *Ratliff* and the Commissioner will have to determine (a) whether plaintiff has made a valid assignment; and (b) whether claimant is indebted to the government.  If the assignment is deemed valid and plaintiff is not indebted to the government, the Commissioner may pay the attorney fees directly to plaintiff's counsel without running afoul of *Ratliff*.

## III.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of $7,707.25 be awarded to plaintiff; (3) that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 21, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 21, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Frederick J. Daley, Jr., Susan K. DeClercq, and Commissioner of Social Security</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov
