UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY A. GROOMS,

       Plaintiff,

v.                                  Case No: 2:08-14189
                                     Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

<u>ORDER</u>

This case involves a motion by the Plaintiff, Sherry Grooms, who, in relying upon the authority of 28 U.S.C.A. § 2412, has asked this Court to grant her an award of attorney fees and costs from the Defendant, the Commissioner of Social Security. The matter was referred by the Court to Magistrate Judge Michael Hluchaniuk who, on October 21, 2010, issued a written report in which he recommended that the Court (1) grant Grooms' motion for attorney fees in the amount of $7,707.25, and (2) remand this case to the Commissioner to determine (1) whether the assignment to Grooms' counsel is valid; (2) if she is indebted to the Government; and (3) assuming that the assignment is valid and Grooms is not indebted to the Government, whether an attorney fee award may be made payable directly to her . Both parties have filed timely objections to Magistrate Judge Hluchaniuk's report and recommendation. An analysis of these objections is set forth below.

1

I.

Grooms, who is in her mid-forties with an employment history of working as a hairdresser and as a school hall and lunch monitor, was injured in June 2003 in an automobile accident. During the following year (March 3, 2004), she applied for disability insurance benefits from the Social Security Administration (SSA), citing to the 2003 accident which allegedly left her disabled and unable to work because of a closed head injury, headaches, episodes of depression, as well as back and neck impairments. Although her application was initially rejected, the administrative law judge, to whom the case was assigned, viewed her request differently and concluded that she was a "disabled person" within the meaning of the Social Security Act. 42 U.S.C. § 423(2)(A), but only for a discrete period between June 2003 and October 2005.

Grooms appealed this aspect of the decision to the Appeals Council which, following its review of the record, remanded the case for a reassessment of her claims by another administrative law judge. However, the second administrative law judge, acting upon the remand directive, determined that none of her claimed impairments satisfied any of the listed conditions within the implementing regulations to the Social Security Act. As such, she - in the opinion of this administrative law judge - was not a "disabled person" as defined by the Social Security Act. Grooms' request for an appellate review by the Appeals Council was rejected on July 25, 2008.

Two months later (September 29, 2008), Grooms filed a complaint in the Eastern District Court of Michigan, in which she sought a judicial review of the denial of her claims. The matter was ultimately referred to Magistrate Judge Hluchaniuk, who, following his examination of the administrative record, recommended that the Court reverse the Appeal Council's decision of July 2008 and remand this case for such further proceedings as may be necessary. The Court

subsequently adopted his recommendation with the entry of an order on March 31, 2010. Thereafter, Grooms filed a motion for attorneys' fees and costs which was - once again - referred to Magistrate Judge Hluchaniuk for a report and recommendation.

## II.

When specific objections are made to a magistrate judge's recommendations, a district court is required to review them de novo. 28 U.S.C. § 636(b)(1); *U.S. v. Quinney,* 238 Fed. Appx. 150, 152 (6th Cir. 2007) ("It is well settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress"). A district court judge has the authority to accept, modify, or reject, in whole or in part, the findings and recommendations of the magistrate judge. However, a district court judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. 28 U.S.C.A. § 636(b)(1). The failure of a party to file a timely objection constitutes a waiver of the issue which cannot be appealed. *U.S. v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

## III.

Here, the Commissioner has expressed his disagreement with the conclusion of Magistrate Judge Hluchaniuk who had opined, in essence, that Grooms had proffered good and sufficient documentation upon which to support her request for attorney fees. In his opposition papers, the Commissioner submits that the sixty-two hours which were allegedly expended by Grooms' counsel in preparation for this case was "unreasonably excessive," citing *Hayes v. Secretary of Health and Human Services* for the proposition that the "average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." 923 F.2d 418, 420 (6th Cir. 1990). Furthermore,

the Commissioner asserts that the issues which faced Grooms in this case were not complex. Thus, it is his view that the time expended by her counsel was unreasonable.

According to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action who seeks to obtain a judicial review of a decision by the Commissioner of Social Security may apply for an award of fees and costs that were incurred in bringing the action, unless (1) the position of the Government was substantially justified in its position in the controversy or (2) there exist special circumstances which would make a challenged award unjust. 28 U.S.C. § 2412(d)(1)(A). Clearly, the Grooms is the prevailing party in this case. Thus, the question of whether the position of the Defendant, through its Commissioner, was substantially justified is not in dispute.

However, the EAJA requires that an award of attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A). In this case - like all Social Security cases - Grooms bears the burden of proving the reasonableness of the fees that she has requested. *Zanon v. Comm'r. of Soc. Sec.,* No. 08-15337, 2010 WL 1524143, at *2 (E.D. Mich. Apr. 15, 2010) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). Hours that are "excessive, redundant, or otherwise unnecessary" must be rejected. *Hensley,* 461 U.S. at 433-434. Ultimately, it is for the district court to determine if a requested fee is "reasonable." *Comm'r., I.N.S. v. Jean,* 496 U.S. 154, 161 (1990) (citing *Hensley,* 461 U.S. at 433).

Although a close analysis of the issue is required, existing case law has provided this Court with some guidance when seeking to determine the reasonableness of an attorney's billing. For example, in *Allshouse v. Comm'r. of Soc. Sec.,* No. 07-12516, 2009 WL 4884968, at *5 (E.D. Mich. Dec. 11, 2009), the court found the claims for attorneys' fees for 75.52 hours pursuant to the EAJA to be unreasonable and, as a consequence, the requested amount was reduced to 51.52 hours. The

4

above-cited reduction by the court was based on its finding that some of the identified hours were "excessive and duplicative in light of the complexity of the issues."  The fact that the adjusted new total in this case was well above the average in *Hayes* was of no consequence to the Court.

Here, there is no support - other than speculation - that the work by Grooms' counsel took an unreasonable amount of time.  While her counsel's time records  seem to lack the requisite detail that would be desired in a motion for fees,  the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction.  Where a high hourly total results in a large total fee, a deduction would be allowed in those (1) situations occasioned by improper conduct or the patent ineffectiveness of counsel, or (2) circumstances wherein counsel would receive a windfall because of an inordinately large benefit award or from a minimal expenditure of effort.  *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989).  There is no evidence that either of those situations are present here.  Furthermore, the objections raised by the Commissioner do not point to any specific reason why her counsel's billing hours are excessive.  Consequently, the Court concludes that Grooms' request for attorney fees is fair and reasonable.  Hence, the recommendation of Magistrate Judge Hluchaniuk is affirmed on this issue.

IV.

Grooms also objects to the Magistrate Judge's recommendation that the Court maintain a ceiling of $125 per hour for attorney's fees and, in so doing,  reject her proposal to incorporate a cost of living adjustment ("COLA") into the attorney fee structure, as allowed under 28 U.S.C. § 2412(d)(2)(A).  In her objection, Grooms notes that she has provided affidavits of attorneys and non-attorneys as evidence of the lack of available counsel who are willing to represent clients in Social

5

Security cases.  She also argues that - in light of her counsel's skill and experience - a higher rate is justified.  In support of this argument, she cites a 2006 National Law Journal survey which states that other lawyers in Michigan who possess the same level of experience as her counsel command an hourly fee of up to $580 per hour, while attorneys in Chicago - with substantially the same experience and skill charge up to $800 per hour.  Grooms has also offered an August 2010 edition of the Bureau of Labor Statistics Consumer Price Index ("CPI") of Detroit-Ann Arbor-Flint, Michigan in support of her claim, arguing that the CPI contains a suggested new rate that should be used to calculate the attorneys' fees.  Thus, she encourages the Court to use the Chicago, Illinois COLA rate of $170 per hour, or alternatively, the Michigan COLA rate of $163.75 per hour.

In response, the Commissioner contends that (1) Grooms has failed to meet her burden of demonstrating that she should be awarded attorney's fees at the rate as suggested, (2) the fee rate for her counsel should be based on that which is consistent with similar awards within the Eastern District of Michigan, and (3) the $125 ceiling cap should be adopted.

According to the EAJA, the amount of fees that a party can recover "shall be based upon the prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  In requesting an increase in the hourly fee rate, a plaintiff - such as Grooms - bears the burden of providing appropriate evidence in support of her request.  *Bryant v. Comm'r.,* 578 F.3d 443, 450 (6th Cir. 2009).  The refusal of a district court to award a cost of living adjustment will not normally amount to an abuse

of discretion, even if it has risen since the enactment of the EAJA. *Chipman v. Sec'y of Health & Human Servs.,* 781 F.2d 545, 547 (6th Cir. 1986).

The prevailing standard within the Sixth Circuit indicates that an applicant for attorney fees must "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant,* 578 F.3d at 450 (citing *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)). Although the CPI is often used as evidence of inflation, the Sixth Circuit has held that the submission of this document - standing alone - is insufficient. See *Bryant,* 578 F.3d at 450. The Supreme Court has cautioned that the phrase "limited availability of qualified attorneys for the proceedings involved" under the EAJA does not mean that lawyers who are skilled and experienced enough to try these types of cases are in short supply. *Pierce v. Underwood,* 487 U.S. 552, 571 (1988). Rather, this phrase refers to attorneys who are qualified in some specialized sense, such as those counsel who possess some "distinctive knowledge or specialized skill needed for the litigation in question." *Id.* at 572. Examples of this category include "an identifiable practice specialty, such as patent law, or knowledge of a foreign law or language." *Id.*

Utilizing the application of this standard, the Court finds Grooms' objections to be unpersuasive and lacking supporting documents that are pertinent and instructive to this inquiry. Finally, cases in other jurisdictions have held that specialization in Social Security benefits law does not constitute an identifiable practice specialty. *See Chynoweth v. Sullivan,* 920 F.2d 648, 650 (10th Cir. 1990) ("Plaintiff argues that Social Security benefits law comprises a specialized practice area warranting payment in excess of the $75 rate. We disagree."); *Burkett v. Astrue,* No. 09-53-GWU, 2010 WL 881905, at *1 (E.D. Ky. Mar. 8, 2010) ("Social Security benefit practice as a whole is not

beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement."). Although Grooms asserts that many attorneys do not have a federal court practice, she provides no substantive evidence in support of this contention, aside from a few affidavits. Critically, the paucity of attorneys who are willing to try such a case does not fall within the interpretation of the statute by the Supreme Court. *Pierce,* 487 U.S. at 571-572. When considering the relative weakness of Grooms' other evidence, her reference to the CPI is insufficient to sustain her burden. *Bryant,* 578 F.3d at 450.

Grooms also argues for an increase in the hourly rate for her counsel's law clerks to $125 from the recommended $105 rate suggested by the Magistrate Judge. In *Richlin Sec. Service Co. v. Chertoff,* 553 U.S. 571, 581 (2008), the Supreme Court held that the term "reasonable attorney. . .fees" under the EAJA also encompasses fees for paralegals. In *Allshouse, supra,* the court concluded that a reasonable hourly billing rate for a legal assistant, in light of her education and experience, was $105 per hour. 2009 WL 4884968, at *7. In the 2004 National Utilization and Compensation Survey Report which has been cited by Grooms, there is no indication that the $125 hourly rate is the prevailing market standard in Michigan for law clerks. According to the Report, the average 2004 billing rate in the Great Lakes region, which includes, Michigan, is $95 per hour. For a firm with 6-10 attorneys, the average rate is $82. For a law clerk with nine years of experience, the average hourly rate is $90. As a consequence, Grooms has not met her burden in this case.

V.

For the reasons that have been outlined above, (1) the Commissioner's objections to the report and recommendation are overruled, (2) Grooms' objections to the same report and recommendation are overruled, (3) the report and recommendation from Magistrate Judge

Hluchaniuk is adopted as the decision of this Court and  the Court (1) grants Grooms' motion for attorney fees in the amount of $7,707.25, and (2) remand this case to the Commissioner to determine (1) whether the assignment to Grooms' counsel is valid; (2) if she is indebted to the Government; and (3) assuming that the assignment is valid and Grooms is not indebted to the Government, whether an  attorney fee award may be made payable directly to her .

IT IS SO ORDERED.

Date: September 30, 2011                                    s/Julian Abele Cook, Jr.
                                                           JULIAN ABELE COOK, JR.
                                                           U.S. District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2011

                                                           s/ Kay Doaks
                                                           Case Manager

9